JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Beech-Nut's Motion to Sever and Transfer Venue [17]; Certain Defendants' Motion to Sever and Transfer Claims [21]

## I. INTRODUCTION

On February 25, 2022, Plaintiffs[1], who are parents and their minor children, filed a putative class action against Beech-Nut Nutrition Company ("Beech-Nut"), Nurture, Inc., Plum, Inc. d.b.a. Plum Organics ("Plum"), Gerber Products Company ("Gerber"), Walmart, Inc., and Sprout Foods, Inc. ("Sprout") (collectively, "Defendants") in Los Angeles Superior Court, alleging claims based upon Defendants' manufacturing, advertising, and selling of baby foods containing toxic heavy metals. (ECF No. 1, Ex. A.) On April 6, 2022, Gerber filed a Notice of Removal. (ECF No. 1.) On April 15, 2022, Plaintiffs filed a Second Amended Complaint ("SAC") against the same Defendants, alleging causes of action for: (1) fraudulent concealment; (2) negligent misrepresentation; (3) violations of Business and Professions Code §§ 17200 *et seq.*; (4) Violation of the California Consumer Legal Remedies Act, California Civil Code §§ 1770, *et seq.*; and (5) unjust enrichment. (ECF No. 13.)

Presently before the Court is Beech-Nut's Motion to Sever Claims and Transfer Venue and all other defendants' Motion to Sever and Transfer Claims. (ECF Nos. 17, 21.) For the following reasons, the Court **GRANTS** both motions.

## II. FACTUAL BACKGROUND

The following facts are alleged in the SAC, unless noted otherwise:

---

[1] The adult plaintiffs in this action are Stacia Cullors, Anthony Bacani, and Jennifer Cullors. The minor plaintiffs are N.B. and V.B. through their guardian *ad litem* Stacia Cullors, D.B. and E.B. through their guardian *ad litem* Anthony Bacani, and A.C. and J.C. through their guardian *ad litem* Jennifer Cullors.

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

Defendants are competitors that manufacture and/or sell baby foods and advertise them as being healthy, safe, nutritious, and free from harmful toxins. However, in February 2021, the U.S. House of Representatives released a report informing the public Defendants' baby foods contained high levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury. According to the report, exposure to the toxins causes: (1) permanent decreases in IQ; (2) diminished future economic productivity; (3) increased risk of future criminal and antisocial behavior in children; (4) damage to infant neurological development and long-term brain function; and (5) other unknown and harmful effects to children. Each Defendant had different levels of the toxins present in their various baby foods.

Plaintiffs are minors who consumed the toxic baby foods while infants, as well as parents of those minors who purchased the baby food believing it was safe, nutritious, and free from harmful toxins. At various times spanning a period of over ten years, Plaintiffs purchased and consumed sixteen different foods from Beech-Nut, eleven different foods from Nurture, four different foods from Plum, thirty-one different foods from Gerber, five different foods from Walmart, and four different foods from Sprout.

Each Defendant categorized its foods differently from the other Defendants. Beech-Nut categorized its foods as appropriate for infants of four to approximately twelve months old. Nurture categorized its foods as appropriate for either newborn infants, infants of zero to approximately seven months old, or infants of twelve months old or older. Plum categorized its foods as appropriate for either Stage 1, Stage 2, Stage 3, "Super Puffs," or "Little Teethers" infants. Gerber categorized its foods as either "formula," "baby cereal," "baby food," "snacks," "meals & sides," "beverages," or "organic." Walmart sold its foods under the brand name Parent's Choice, which included "sweet potatoes & corn," "toddler cookies," and "yogurt bites." Finally, Sprout categorized its foods as appropriate for either Stage 2 infants, Stage 3 infants, or Toddlers.

Defendants also had different methods for advertising and describing the contents of their baby foods. Defendants used words such as "organic," "naturals," "nothing artificial added," "Organic Baby Food," "Made with Real Ingredients," "No Artificial Colors, Flavors or Preservatives," "BPA-Free Packaging," and "Non-GMO" to imply or explicitly state that their foods were healthy and safe for consumption. Defendants failed to disclose that their foods contained heavy metals and toxins and Plaintiffs would not have purchased or used the foods if they knew they did.

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

### III. JUDICIAL STANDARD

#### A. Motions to Sever

Under Federal Rule of Civil Procedure ("Rule") 21, the Court may sever a misjoined party at any time. In deciding whether a party has been misjoined, courts determine whether that party's joinder complies with Rule 20. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Defendants may be permissively joined if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). If the parties fail to meet the standards for permissive joinder under Rule 20, a court may sever the misjoined parties so long as no substantial right would be prejudiced. *Visendi v. Bank of Am. N.A.*, 733 F.3d 863, 871 (9th Cir. 2013). Moreover, even when joinder is proper under Rule 20, "the district court may sever the trial in order to avoid prejudice." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing to Rule 20(b)). A district court has broad discretion to sever claims. *Coughlin*, 130 F.3d at 1349.

#### B. Motions to Transfer

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer lies within the discretion of the district court and motions to transfer are adjudicated according to an individualized, case-by-case consideration of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). If the action could have been brought in the transferee district, the court evaluates three factors to determine whether transfer is proper: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1070 (C.D. Cal. 2008). The court "may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is more familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498–99.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

### IV. DISCUSSION

Each defendant argues that the Court should: (1) sever the claims against it; and (2) transfer those claims to the district in which substantially similar cases against it are already pending (the "Transferee Districts").[2] The Court addresses each argument in turn.

#### A. Motions to Sever

Defendants argue Plaintiffs' claims against them should be severed because: (1) the defendants in this case are misjoined; and (2) even if defendants are not misjoined, severance would serve the interests of fairness, justice, and economy.

Under Rule 20, defendants may only be joined if the claims against them "arise out of" the same transaction, occurrence, or series of transactions or occurrences. The "arising out of" prong requires there to be a "very definite logical relationship" between the claims. *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960). Where the claims involve sufficiently related operative facts, joinder may be appropriate. *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 756 (C.D. Cal. 2016). However, joinder may be barred where there are too many differences in how various defendants contributed to a plaintiff's injuries. *Id.* at 757. Merely alleging similar harm does not satisfy the logical relationship test, *Coughlin*, 130 F.3d at 1350, and neither does alleging defendants violated the same laws in the same ways, *Visendi*, 733 F.3d at 870; *see also Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 584-86 (D. Nev. 2012) ("[S]imilar harm is not sufficient to join plaintiffs in a single lawsuit under Rule 20 where the plaintiffs' cases share a 'fact pattern' but no facts.").

Plaintiffs' claim for relief as to each defendant "arises out of" the baby food each defendant manufactured, advertised, and sold. But while Plaintiffs' claims against each defendant share a "fact pattern," they arise out of separate transactions involving separate defendants. The SAC contains allegations that Defendants perhaps violated the same laws in similar ways, but Plaintiffs do not allege that Defendants worked together or that any defendant is responsible for the misconduct of any other defendant. There does not appear to be a "very definite logical relationship" between Plaintiffs' claims against Defendants. Therefore, Defendants appear to be misjoined to this action.

---

[2] For Beech-Nut, the Northern District of New York ("N.D.N.Y."). For Gerber, the Eastern District of Virginia ("E.D. Va."). For Plum, the Northern District of California ("N.D. Cal."). For Nurture, the Southern District of New York ("S.D.N.Y."). For Walmart, the Eastern District of Arkansas ("E.D. Ark."). For Sprout, the District of New Jersey ("D.N.J.").

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

But even if joinder were proper, severing the claims would be in the interests of justice and efficiency. Under Rule 21, a court has broad discretion to sever a claim if it will promote fairness and efficient disposition of a controversy. *Rubio*, 181 F. Supp. 3d at 758. Severance is particularly appropriate where claims are different, *id*. at 758, and severing would not prejudice a plaintiff's right to pursue its claims. *Visendi*, 733 F.3d at 870-71.

Here, each defendant has different methods of manufacturing, advertising, and distributing its baby foods. Further, each defendant appears to have different levels of the complained-of toxins in its foods. Therefore, Plaintiffs' claim against each defendant will likely rely on facts and evidence specific to that defendant only. Plaintiffs will need to take discovery of, for example, Beech-Nut's methods of manufacturing, advertising, and distributing its baby foods separately from every other defendant. Consequently, Plaintiffs will need to litigate against each defendant separately from every other defendant regardless of whether their claims are severed. Additionally, severance would prevent any jury confusion about the various manufacturing methods, terminology, and facts attributable to each defendant.

Severing Plaintiffs' claims against Defendants would be in the interests of justice and therefore the Court **GRANTS** both motions to sever.

**B.    Motions to Transfer**

Defendants argue the Court should exercise its discretion under the first-to-file doctrine and transfer the claims against them to their respective Transferee District.

The first-to-file rule allows a district court to transfer a case if a similar case with substantially similar issues and parties was previously filed in another district court. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015) (internal citation omitted). However, the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). It "normally serves the purpose of promoting efficiency well." *Id*. "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Kohn*, 787 F.3d at 1240 (internal quotations and citation omitted).

A court analyzes three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Id*. at 1240. The parties and issues do not need to be identical, only substantially similar. *Id*. To determine whether issues are substantially similar, courts "look at whether there is substantial overlap between the two suits." *Id*. at 1241 (internal quotations and citation omitted).

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

The first-to-file rule is particularly applicable where actions differ only as to the remedy sought. *Pacesetter*, 678 F.2d at 96.

All three of the first-to-file rule factors are satisfied here as to each defendant. In chronological order:

- Twenty-one cases against Beech-Nut are consolidated and currently pending in N.D.N.Y. before Judge Hurd. The first case, *Thomas et al. v. Beech-Nut Nutrition Company*, Case No. 1:21-CV-00133, was filed on February 5, 2021.
- Seven cases against Plum are consolidated and currently pending in N.D. Cal. before Judge Rogers. The first case, *Gulkarov et al. v. Plum, PBC*, Case No. 4:21-cv-00913, was filed on February 5, 2021.
- Eighteen cases against Nurture are consolidated and currently pending in S.D.N.Y. before Judge Vyskocil. The first case, *Stewart et al. v. Nurture, Inc.*, Case No. 1:21-cv-01217, was filed on February 10, 2021.
- Twenty-eight cases against Gerber are consolidated and currently pending in E.D. Va. before Judge Nachmanoff. The first case, *Keeter v. Gerber Products Company*, Case No. 1:21-cv-00269, was filed on March 3, 2021.
- One case against Sprout is currently pending in D.N.J. before Judge Chesler: *Simmons v. Sprout Foods, Inc.*, Case No. 2:22-cv-00386. On April 7, 2021, it was filed in the District of Connecticut and, on January 26, 2022, transferred to the D.N.J.
- Four cases against Walmart are consolidated and currently pending in E.D. Ark. before Judge Marshall. The lead case, *Wilson et al. v. Walmart Inc. et al.*, Case No. 3:21-cv-00082, was filed on April 27, 2021.[3]

This case was filed after at least one other substantially similar case involving one of the defendants here had been filed in another district.

As to similarity of the parties, each defendant is a defendant in their respective Transferee District case(s). Almost all the plaintiffs in the Transferee Districts cases seek to represent a nationwide class of purchasers and/or users of Defendants' products. Further, many of the plaintiffs seek to

---

[3] The current lead case is not the first-filed case against Walmart. However, the first-to-file rule can be applied to transfer claims to a district where an earlier case is pending even if there is another district where an even earlier case was filed. *See Adoma v. Univ. of Phx.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010); *see also Zimmer v. Dometic Corp.*, 2018 WL 1135634, at *3 (C.D. Cal. Feb. 22, 2018); *see also Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) ("A court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending.")

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

represent a subclass of California residents. Even if none did, a nationwide class would represent at least some California residents as well.[4] Therefore, the parties in this case and the cases pending in the Transferee Districts are substantially similar.

There is also substantial overlap between the issues in this case and the issues in the Transferee District cases. The plaintiffs in each Transferee District case are alleging substantially the same wrongdoing and seeking substantially the same type of relief against the defendants as Plaintiffs seek here. Each case is based on allegations of improper concealments, improper inclusion of toxins in baby foods, misleading advertising, and the plaintiffs' reliance on implied reassurances that the foods were healthy.

Plaintiffs do not and cannot contend the first-to-file rule factors are not met here. While the Court is not required to transfer a case simply because a substantially similar case was filed earlier, the first-to-file rule "should not be disregarded lightly." *Kohn Law Grp.*, 787 F.3d at 1239–40. Plaintiffs' claims against Defendants can be more efficiently resolved by the respective Transferee District court because it is already tasked with resolving substantially similar claims against the same defendant. Conversely, judicial resources would be unduly burdened by having to resolve this case in this court at the same time as other courts are resolving substantially similar consolidated cases. Applying the first-to-file rule here would be in the interests of "sound judicial administration" and "maximize economy, consistency, and comity."

Because transfer to the Transferee Districts is proper and in the interests of sound judicial administration, the Court **GRANTS** Defendants' motions to transfer venue.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Sever and Transfer Claims, and **ORDERS** as follows:

- The claims against Beech-Nut are transferred to the Northern District of New York;
- The claims against Plum are transferred to the Northern District of California;
- The claims against Nurture are transferred to the Southern District of New York;
- The claims against Gerber are transferred to the Eastern District of Virginia;

---

[4] For purposes of the first-to-file rule, "[c]lasses in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1296 (N.D. Cal. 2013), citing *Adoma*, 711 F. Supp. 2d at 1148 (E.D. Cal. 2010).

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-02324-RGK-E | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Stacia Cullors, et al v. Beech-Nut Nutrition Company, et al.* | | |

- The claims against Sprout are transferred to the District of New Jersey; and
- The claims against Walmart are transferred to the Eastern District of Arkansas.

Pending the transfer of claims to the appropriate district, all other matters in this action are vacated and the Clerk shall close this case.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |